UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN PASLEY,

    Plaintiff,

v.                                                   Case No. 08-13185

VERA CONERLY,                    HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. No. 27) AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 15)

I.

This is a pro se prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Michigan Department of claims that defendant violated his constitutional rights. The matter has been referred to a magistrate judge for all pretrial proceedings. Defendant filed a motion for summary judgment.[1] On September 10, 2010, the magistrate judge issued a Report and Recommendation (MJRR) recommending that summary judgment be denied. Before the Court are defendant's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and defendant's motion for summary judgment will be denied.

---

[1] Plaintiff also filed a motion for discovery. Doc. No. 25. The magistrate judge recommends treating the motion as a sur-reply. The Court agrees.

The MJRR will be adopted, defendants' motion for summary judgment will be denied.

II.

The MJRR accurately sets forth the facts of the case, including the relevant procedural history. Briefly, plaintiff's complaint claimed violations of the First and Eighth Amendments. The First Amendment claim is premised on defendant's actions allegedly taken in retaliation against plaintiff. The Court dismissed the complaint prior to service on defendant on the grounds it did not state any viable claims. Plaintiff appealed. The Court of Appeals for the Sixth Circuit affirmed in part and reversed in part, holding that plaintiff's First Amendment claim merited service on defendant. The Court of Appeals agreed that plaintiff did not state a viable Eighth Amendment claim. Pasley v. Conerly, 345 Fed. Appx. 981 (6th Cir. 2009). Following remand, defendant was served with the complaint and eventually filed a motion for summary judgment. Defendant argues that summary judgment is appropriate because (1) plaintiff has not made out a First Amendment retaliation claim and (2) defendant is entitled to qualified immunity.

The magistrate judge, in a thorough-going analysis of the record, concludes that the plaintiff has met his burden to produce evidence showing, or creating a genuine issue of material fact, that he (1) engaged in protected activity, (2) suffered adverse actions and (3) defendant acted with a retaliatory motive. The magistrate also concludes that defendant is not entitled to qualified immunity.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The

district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.

Defendant first says that plaintiff does not have a cause of action for retaliation regarding defendant providing him with a storage container because the record is clear that plaintiff's protected activity - threatening to file a grievance - after being given the storage container. Thus, defendant says that the provision of the storage container cannot be a basis for his retaliation claim.

This objection is not understood. The magistrate judge stated that the provision of the storage bin cannot be said to have been in retaliation for plaintiff engaging in protected activity because he was given the storage bin before the protected activity.

3

See MJRR at p. 24. That, however, does not mean that plaintiff has not made out a First Amendment claim. Indeed, the magistrate judge found other evidence in the record which, viewed in a light most favorable to plaintiff, may constitute adverse actions, including defendant's threat to transfer plaintiff "up north" and alleged refusal to provide plaintiff with certain services. The Court agrees with defendant, and the magistrate judge, that provision of the storage bin cannot be an adverse action. It may, however, be relevant to other aspects of plaintiff's claim. The Court is not inclined at this stage to rule that defendant's provision of a storage bin (which plaintiff says contained contraband allegedly put there by defendant) has no relevance whatsoever.

Defendant also says that the magistrate judge erred in finding that plaintiff's transfer to another facility may constitute an adverse action because there are no aggravating circumstances as a result of his transfer. This objection essentially repeats the arguments considered and rejected by the magistrate judge. The Court agrees with the magistrate judge that the transfer, in light of the entire record, is sufficient to constitute an adverse action in the context of summary judgment

V.

Accordingly, for the reasons stated above, defendant's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendant's motion for summary judgment is DENIED.

SO ORDERED.

Dated: September 30, 2010                    s/Avern CohnCohn
                                             AVERN COHN
                                             UNITED STATES DISTRICT JUDGE

08-cv-13185
Pasley v. Conerly

I hereby certify that a copy of the foregoing document was mailed to Lynn Pasley 166717, G. Robert Cotton Correctoinal Facility, 3500 N. Elm Road, Jackson, MI 49201 and the attorneys of record on this date, September 30, 2010, by electronic and/or ordinary mail.

s/Shawntel Jackson
Case Manager, (313) 234-5160